**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00022-KDB-DCK**

**ANTHONY GIORDANO,**

**Plaintiff,**

**v.**

**EXPERIAN INFORMATION SOLUTIONS, INC., ET AL.,**

**Defendants.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendant Experian Information Solutions, Inc.'s ("EIS") Motion to Compel Arbitration (Doc. No. 17), which seeks to compel arbitration of Plaintiff's Fair Credit Reporting Act ("FCRA") claims and stay the matter pending the completion of arbitration. Plaintiff has not responded to the Motion and the time to do so has expired. The Court has carefully considered this Motion, Defendant's briefs, and a supporting Declaration (together with its exhibits). For the reasons discussed below, and in the absence of any response or objection by the Plaintiff, the Court will **GRANT** the motion, compel arbitration, and stay this action against all the Defendants pending completion of the compelled arbitration.

## I. LEGAL STANDARD

The Federal Arbitration Act ("FAA") represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under Section 2 of the FAA, a written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.

§ 2 (2012). Furthermore, the United States Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) a relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute." *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016); *see also Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015). Agreements to arbitrate are construed according to ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2011). Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81 (2000).

If the Court sends a case to arbitration, it must stay the case if either party requests it, assuming that there are no other reasons to dismiss unrelated to the fact an issue in the case is subject to arbitration. *See Smith v. Spizzirri*, 144 S. Ct. 1173, 1176 (2024). For example, where all the claims at issue in a lawsuit are arbitrable, but neither party has requested a stay, the court may dismiss the lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Wake Cnty. Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011); *see also Choice*

*Hotels Intern*., 252 F.3d at 709-10 ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

Alternatively, where the claims at issue are arbitrable, but neither party has requested a stay, a court may choose to stay a lawsuit pending the parties' completion of arbitration. *See Silkworm Screen Printers, Inc. v. Abrams*, No. 91-1631, 1992 WL 317187, at *6 (4th Cir. Nov. 4, 1992) ("If the district court finds that [plaintiff] agreed to arbitrate . . . it may either dismiss [plaintiff's] complaint for lack of subject matter jurisdiction or stay its proceedings pending arbitration and consideration of the award pursuant to Article V of the Convention.").

## II. FACTS AND PROCEDURAL HISTORY

EIS states that on June 10, 2024, Plaintiff Anthony Giordano ("Giordano") enrolled in CreditWorks, a credit-monitoring service provided by an affiliate of EIS. (Doc. No. 18 at 5 (EIS Mem.; Doc. No. 19 (Smith Decl. ¶ 3)). In connection with his enrollment, Giordano agreed to a Terms of Use Agreement,[1] which contained an Arbitration Agreement. (Doc. No. 18 at 5). The Arbitration Agreement states, in relevant part, that EIS and Giordano "agree to arbitrate all disputes and claims between us that arise out of or relate to this Agreement, which includes any Information you obtain through the Services or Websites, to the maximum extent permitted by law, except any

[1] The Terms of Use Agreement is an agreement between Giordano and Experian Customer Services ("ECS"), which is defined in the agreement to include EIS. *See* (Doc. No. 19 at 9, Ex. 2 Terms of Use Agreement) ("The term "ECS" means ConsumerInfo.com, Inc., an Experian® company (also known as Experian Consumer Services) and referred to as "Experian" on the Websites, its predecessors in interest, successors and assigns, affiliates (including, but not limited to, Experian Information Solutions, Inc.)." EIS contends the Terms of Use Agreement and Arbitration Agreement consider EIS an affiliate and therefore a proper party to enforce the Arbitration Agreement. *See id.* (citing *Cimillo v. Experian Information Solutions, Inc.*, 2023 WL 2473403, at *5 n.7 (S.D.N.Y. Mar. 13, 2023) ("[N]umerous courts considering the same or similar agreements involving EIS have found EIS is properly considered an affiliate under the same or similar Arbitration Agreements.")). The Court agrees.

disputes or claims which under governing law are not subject to arbitration." (Doc. No. 19 at 15). The Arbitration Agreement specifically defines covered claims to include:

> claims brought by you against ECS, whether based in contract, tort, statute (including, without limitation, the Fair Credit Reporting Act and the Credit Repair Organizations Act), for fraud, misrepresentation or any other legal theory; claims arising out of or relating to any aspect of the relationship between us arising out of any Service or Website, claims that arose before this or any prior Agreement (including, but not limited to, claims relating to advertising); claims that are currently the subject of purported class action litigation in which you are not a member of a certified class; and claims that may arise after the termination of this Agreement.

*Id.* at 16.

On December 1, 2025, Giordano filed a complaint in North Carolina state court, Mecklenburg County Superior Court, asserting claims under the FRCA and a state-law claim for defamation. (Doc. No. 1, Ex. A; Doc. No. 4, Ex. A, Amended). EIS removed the matter to this Court on January 9, 2026. (Doc. No. 1). On August 5, 2026, EIS moved to compel arbitration. (Doc. No. 17).

## III. DISCUSSION

Under the well-established law supporting arbitration agreements, the Parties' dispute must be resolved in arbitration. *See Kendall v. Reg'l Enters., LLC*, No. 5:24-CV-00180-KDB-SCR, 2024 WL 4375792, at *1 (W.D.N.C. Oct. 2, 2024). As described above, there is no dispute that Giordano and EIS entered into an agreement to arbitrate claims arising out of the Terms of Use Agreement against EIS, and Giordano has not objected to the Motion.

Further, at Defendants' request, rather than dismiss the action, the Court will stay the action against all Defendants pending completion of arbitration. The arbitration of Plaintiff's dispute with EIS will, at a minimum, involve factual circumstance relevant to the merits of Plaintiff's claims

against the other Defendants; so, a stay of all claims pending completion of the arbitration is appropriate.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. Defendant's Motion to Compel Arbitration (Doc. No. 17) is **GRANTED**; and

2. This matter is stayed until further order of the Court pending arbitration of this dispute.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 3, 2026

Kenneth D. Bell
United States District Judge